## YOUNG *v.* YOUNG.

DIVORCE—RESUMPTION OF MARITAL RELATIONS — EVIDENCE—SUFFICIENCY.

> In wife's suit for divorce, where the controlling question was as to whether the parties had ever renounced a separation agreement and resumed marital relations, there being little or no conflict in the testimony establishing husband's extreme cruelty, evidence *held*, sufficient to establish such renunciation, entitling the wife to a decree, with costs and attorney fee, but without award for alimony, which is regarded as paid by the amount paid under the separation agreement.

Appeal from Kent; Brown (William B.), J. Submitted April 13, 1927. (Docket No. 85.) Decided October 3, 1927.

Bill by Mary E. Young against Clarence W. Young for a divorce. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

Divorce, 19 C. J. §§ 344 (Anno), 367.

*Elvin Swarthout,* for plaintiff.

*Clare E. Hoffman,* for defendant.

McDONALD, J. This is an appeal from a decree of the circuit court of Kent county, dismissing the plaintiff's bill for divorce. At the time of their marriage both parties were residents of Allegan county, Michigan. The defendant was a dentist, and for 11 years previous to their marriage the plaintiff had been employed in his office. They were married on September 28, 1905, and lived together until April, 1916, at which time they made a written separation agreement. They lived apart until February, 1922, and whether they ever resumed marital relations is a disputed question of fact in the case. The plaintiff claims that they did so on February 12, 1922, and that such relations continued until September of the same year. The plaintiff filed her bill for divorce in February, 1925. It alleges nonsupport and extreme cruelty and prays for alimony. The defendant answered. He asked for no affirmative relief. In his answer he denied the allegations of the bill and prayed that it be dismissed. He also denied the plaintiff's right to alimony and to costs of suit, because he had fully complied with the provisions of the separation agreement and had paid to the plaintiff the amount agreed upon in release of all her claims against him. On the hearing the bill was dismissed. From the decree entered, the plaintiff has appealed.

One of the controlling facts in the case is whether the parties resumed marital relations after living apart under the separation agreement. On this question, the testimony of the parties is in direct conflict. Some time after the separation the plaintiff went to California where she remained for two years. She testified that before she left the defendant urged her to remain in Allegan and resume marital life with

him; that thereafter he constantly courted her; entreated her to live with him again, and that she finally yielded to his entreaties.    This testimony is flatly contradicted by the defendant.    He says that after the separation agreement he never urged her to live with him again, that their relations were only friendly, and that he did not at any time resume marital relations with her.    It is not difficult to determine where the truth lies.    The many letters which the defendant wrote to the plaintiff while she was in California do not square with his testimony on the trial.    The following quotations from these letters disprove his testimony:

"While working, have been thinking and trying to solve why you were bound to go as you did if you cared for me and I told you how you could do; your goods had not gone from here, and I told you how we could do. Now Effa you say you are sincere, or were sincere; I believe it, but why did you still insist on going as you did? I am at a loss to know just what to do.    I have three big business propositions open to me at the present time, and, not hearing from you, I don't know how to decide; I have to the 15th of this month to decide on one, and I hope you have replied to my letter of Dec. 31st by that time.    Effa, I am just as I wrote you, and seems to me, unless other influences are brought to bear on you, you will see things as I do; we were happy once, and as I wrote you, I believe we can be happy again, but take my letter as you feel and let me know and I will proceed as you say."

"I am so homesick and lonesome; well, I waited until 10:30, went to the P. O. but no letter, and honestly I have cried hard twice and now my eyes are filled with tears."

"I am oh, so homesick for you tonight, Effa, and wonder if you are thinking of me and longing at least a wee bit for me."

"Yes, my dear, I do love you, and it seems to me that some time everything is going to work out just finely for us.    So just you and I will be happy together; I am not selfish, but I think after lives such

as ours we can be happier if we live by ourselves and for each other. I am thinking of the piece you like on the Victrola, 'Some Day You and I' * * *. I love you, my dear, more and more each day, you love me and we will be happy."

Notwithstanding these letters, the defendant testifies that his relations with the plaintiff were no more than friendly, that he did not love her and did not urge her to live with him again. We do not believe him. He says that he was not sincere, but we prefer to think that he meant just what he wrote, and that he wanted his wife to come back to him.

The plaintiff returned from California in the summer of 1921, but she does not claim to have resumed marital relations with the defendant until February, 1922. In the meantime, they were much in each other's company; they went riding together evenings and Sundays; he bought fruit and assisted her in putting it up. They were getting ready for housekeeping. Courtship without cohabitation continued until February, 1922, at which time she says they destroyed the separation agreement and resumed marital relations. We have no doubt as to the truth of the plaintiff's testimony; so we find the fact to be that the parties renounced the separation agreement and resumed marital relations in February, 1922, with the intention of setting up their home together. The fact that the home was not established before their final separation is not controlling.

As to the conduct of the defendant which the plaintiff claims constitutes extreme cruelty, there is little or no conflict in the testimony. To detail their marital troubles would serve no useful purpose. It is sufficient to say that on this record the plaintiff is entitled to a decree for divorce.

The defendant has fully paid the $3,000 which he agreed to pay in the separation agreement. The

plaintiff is not entitled to alimony. The amount so paid will be regarded as in lieu of dower.

The decree of the circuit court is reversed. A decree will be here entered in accordance with this opinion. The plaintiff will have the costs of both courts and an attorney fee of $200.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.